**DAVID M. FISH**
**COUNSELOR AND ATTORNEY AT LAW**
*Attorney for Plaintiff*
500 Fifth Avenue, Suite 5100
New York, New York 10110
(212) 869-1040
      David M. Fish (7606)

JUDGE JONES

06 CV 4178

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ROBERT A. HAIR,

                        Plaintiff,

     - against -

CITY UNIVERSITY OF NEW YORK,
JOHN JAY COLLEGE OF CRIMINAL JUSTICE
and MAKI HABERFELD,

                        Defendants.
----------------------------------------------------------------x



06 Civ. ___ (__)(__)

VERIFIED COMPLAINT
and DEMAND FOR
TRIAL BY JURY

Plaintiff Robert A. Hair ("Plaintiff"), by and through his attorney, David M. Fish, complaining of Defendants, City University of New York, John Jay College of Criminal Justice (the "College") and Maki Haberfeld (collectively "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.     This action is brought to redress the deprivation of the Plaintiff's rights under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), the New York Executive Law §§ 296 and 297, and the Administrative Code of the City of New York.

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1331, the doctrine of pendent jurisdiction, and the above statutory provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On August 5, 2005, Plaintiff filed a complaint with the Equal Employment Opportunity Commission, alleging that the Defendants engaged in unlawful discriminatory practices relating to his employment.

5. Thereafter, Plaintiff was issued a Right to Sue letter by the EEOC, dated April 20, 2006. Plaintiff filed this action within 90 days of his receipt of the Right to Sue letter and has complied in all respects with conditions precedent to bringing this lawsuit.

## PARTIES

6. Plaintiff, at all times hereinafter mentioned, was a resident and domiciliary of the County of New York in the State of New York.

7. Defendant College, at all times hereinafter mentioned, was and still is a corporation qualified to do business in the State of New York, and is doing business in New York County in the State of New York.

8. Defendant Maki Haberfeld, at all times hereinafter mentioned was and still is a management level employee at the College, and was the Chairperson of the Department of Law, Police Science and Criminal Justice Administration.

2

## RELEVANT FACTS

9. Plaintiff is an 84 year-old male, and resides in New York County in the State of New York.

10. Plaintiff served in the United States Coast Guard from November 1942 until his honorable discharge in October 1945, during which time he served in both the European and Pacific theaters of World War II on a troop ship.

11. Immediately following Plaintiff's honorable discharge from the Coast Guard, he began employment with the New York City Police Department ("NYPD").

12. In January 1971, Plaintiff retired from the NYPD as Deputy Inspector.

13. In September 1970, Plaintiff was hired by the College as an assistant professor.

14. Plaintiff served the College and its students, and received tenure, and was promoted to associate professor.

15. In approximately 1973, Plaintiff initiated the College's Security Major associates degree program. He later developed the College's Security Management Institute (SMI) and helped develop the College's Security Major four-year degree program.

16. Since its inception, Plaintiff acted as the Security Major Coordinator.

17. Throughout his employment with the College, Plaintiff has been a collegial, productive and valuable member of the College faculty (On May 17, 2005, the College's President awarded Plaintiff a Certificate of Recognition for his 35 years of service to the College).

18. On December 23, 2004, Defendant Haberfeld, Chair of the Department of Law, Political Science, and Criminal Justice Administration, removed Plaintiff as the Security Major

Coordinator, effective January 1, 2005.

19. In the December 23 Memorandum that removed Plaintiff as the Security Major Coordinator, defendant Haberfeld stated that she feels "that the time has come to pursue a different direction for the benefit of the Department and the College."

20. In response to Plaintiff's objection to his removal as Coordinator, on January 17, 2005, Plaintiff sent a memorandum to Haberfeld explaining why his removal as Coordinator was unjustified.

21. Haberfeld replied with a February 8, 2005 memorandum that stated, in part, "My election as Chair was a mandate to change the old administration of this department."

22. The February 8, 2005 memorandum went on to include false statements, intended to justify Plaintiff's discriminatory removal as Coordinator.

23. On February 23, 2005, Plaintiff responded to the February 8 memorandum, and specifically alleged that the decision to remove Plaintiff as the Security Major Coordinator was motivated by age discrimination.

24. Defendants have not responded to Plaintiff's February 23, 2005 allegations.

25. As a result of Defendants' removal of Plaintiff as the Security Major Coordinator, Plaintiff has been humiliated and suffers severe emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION
### (ADEA – Age Discrimination against the College)

26. Plaintiff repeats and realleges the allegations set forth above.

27. By the above discriminatory acts, Defendant has discriminated against Plaintiff in

the terms and conditions of his employment based upon his age, in violation of Age Discrimination in Employment Act.

28.     By reason of Defendant's actions, Plaintiff was caused to suffer great pain, mental anguish and humiliation, all to his damage.

29.     Further, said actions on the part of the Defendant were intentional and willful, giving rise to punitive damages.

### AS AND FOR A FIRST PENDENT STATE LAW CAUSE OF ACTION
**(New York State Executive Law – and Age Discrimination against the College, and Haberfeld, as aider and abettor)**

30.     Plaintiff repeats and realleges the allegations set forth above.

31.     Defendants have intentionally discriminated against Plaintiff based upon his age, in violation of § 296 of the New York State Executive Law.

32.     By reason of the Defendants' discrimination against Plaintiff, he has suffered great pain, mental anguish and humiliation, all to his damage.

### AS AND FOR A SECOND PENDENT STATE LAW CAUSE OF ACTION
**(New York City Administrative Code –Age Discrimination against the College and Haberfeld)**

33.     Plaintiff repeats and realleges the allegations set forth above.

34.     Defendants have intentionally discriminated against Plaintiff based upon his age, in violation of §8-107 of Chapter 1 of Title 8 of the Administrative Code of the City of New York, justifying an award of compensatory damages for emotional distress, and punitive damages against the Defendants in an amount to be determined at trial.

## ATTORNEY'S FEES

35.     Plaintiff is entitled to attorney's fees under the ADEA, 42 U.S.C. § 2000, and the Administrative Code of the City of New York.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment and relief as follows:

a)     An order directing that Plaintiff be restored to his position as Security Major Coordinator;

b)     An order awarding Plaintiff compensatory damages for Plaintiff's emotional distress, mental anguish, humiliation, and loss of enjoyment of life, and any other appropriate relief necessary to make Plaintiff whole and compensate him for the civil rights violations described above;

c)     An order awarding Plaintiff punitive damages for Defendants' willful and outrageous conduct in violation of Plaintiff's civil rights;

d)     An order awarding Plaintiff the costs of this action, including reasonable attorney's fees, and such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
       May 23, 2006

                                          Respectfully submitted,
                                          DAVID M. FISH
                                          COUNSELOR AND ATTORNEY AT LAW

                                    By: /s/ David Fish
                                          David M. Fish (7606)
                                          *Attorney for Plaintiff*
                                          500 Fifth Avenue, Suite 5100
                                          New York, New York  10110
                                          (212) 869-1040

## VERIFICATION

STATE OF NEW YORK )
                  )ss:
COUNTY OF NEW YORK )

ROBERT A. HAIR, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the annexed Complaint and Demand for Trial by Jury, and know the contents thereof, and that the contents are true to my knowledge, except for those matters therein which are stated to be alleged on information and belief, and as to those matters therein not stated upon knowledge, I believe them to be true.

*Robert A. Hair*
Robert A. Hair

Sworn to before me this
24th day of May 2006

*David Fish*
Notary Public

DAVID FISH
Notary Public State of New York
Reg. No. 02FI6106018
Qualified in County of Queens
Commission Expires Feb. 23, 2007